## Case No. 12,836.

SICKELS et al. v. RODMAN.

[1 West. Law J. 381.]

Circuit Court, S. D. New York. Dec., 1843.

PATENTS—STEAM CUT-OFF—NOVELTY.

Action on the case for infringement of a patent. This was an interesting case tried in the United States circuit court, before his honor Judge BETTS, and it is one of considerable importance to persons engaged in the business of running steamboats, and to builders of steam engines. The action was brought to recover damages for the violation of a patent granted to Frederick E. Sickels, in May, 1842, for an improvement in the cut-off, by which the valves themselves are made to cut off the steam at any part of the stroke, without noise or slamming, instantaneously, and also to effect a very great saving of fuel. It was proved on the part of the plaintiffs, that Mr. Frederick E. Sickels, a talented and very ingenious young mechanic of this city, had, for two or three years before taking out his patent, devoted his time and ingenuity to this subject, and had, as early as the latter part of 1839, or early in 1840, conceived and made drawings of the plan which forms the subject of the patent. His invention, as described in the patent, consists of an apparatus for lifting and tripping the valves at any required point of the stroke of the piston, and also of a cylinder, with a cup or secondary reservoir at the bottom, and partially filled with water or other fluid, into which cylinder or secondary reservoir works a plunger which is attached to the valve-stem and which permits the valve to descend very rapidly, but checking it the very moment of its reaching its seat, so that it closes without noise or slamming, and with great precision and accuracy. It was further proved, that this invention was one of very great utility and value, and that it was very perfect in its operation, and effected a saving of fuel of about one-fifth what is usually consumed in engines with the ordinary throttle-valve cut-off. One set of the apparatus, which had been used on board the steamer Rhode Island, was exhibited on the trial, and which had run for a year with perfect accuracy, and which effected a saving of fuel of about two tons a passage. It was also proved, that the defendant, who is a manufacturer of steam engines, had, without license from the plaintiffs, constructed an apparatus precisely like that patented by Mr. Sickels, and put it in operation on the engine of the steamboat Westchester, running upon the Hudson river. It was upon this infringement that the plaintiffs brought the suit, as well to establish the originality of the invention and the validity of the patent as for the recovery of damages for the infringement.

On the part of the defendant, witnesses were called to prove, that something similar to the plan of Mr. Sickels had been on board the steamboat South America before the patent, and in other places; and it was also claimed, that the principle of the improvement was set forth in Stuart's Anecdotes of the Steam Engine, in the description of one of Watt's reciprocating engines, in which a retardation of the opening of the valve was effected by means of a weight falling in wa-

ter. The plaintiffs, however, showed clearly that Mr. Sickels had conceived the plan; and made regular drawings of it long before it was put in use on board the South America, and that the secondary reservoir, with the plunger fitted to it, and acting in water, was entirely his own invention, and that the method described in Stuart's work was unlike that of Mr. Sickels, and was for a different object.

His honor Judge BETTS delivered a very able and impartial charge to the jury, after a trial of three days, and the jury found a verdict for the plaintiffs for two hundred and seventy-five dollars damages, being the whole amount claimed—thus establishing the validity of the patent, and the claim of Mr. Sickels to the honor of being the inventor of this highly ingenious and useful improvement.

J. B. Staples and S. P. Staples, for plaintiffs.

R. Ten Broeck and Mr. De Witt, for defendant.